UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
Criminal Division

|  |  |  |
|---|---|---|
| UNITED STATES | ) ) ) ) | |
| v. | ) ) ) | Case No: 1:16-cr-135 |
| AHMAD SAYED HASHIMI | ) ) ) | |
| Defendant | ) ) | |

**DEFENDANT AHMAD HASHIMI'S REPLY TO UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

COMES NOW Defendant, Ahmad Sayed Hashimi, by and through his attorney, Bruce A. Johnson, Jr. and the Law Office of Bruce A. Johnson, Jr., LLC and files this Reply to United States' Opposition to Defendant's Motion in Limine.

1. The United States' Opposition exceeds the scope of Defendant's Motion in Limine. The scope of Defendant's Motion is limited to precluding evidence of Defendant's prior assault investigations and/or charges. Admitting evidence of alleged drug conspiracy is not currently before the Court and arguments thereto should be disregarded.

2. Contrary to the Prosecution's assertion, Federal Rule of Evidence 404(b) is applicable to the evidence at issue.[1] Rule 404(b)(1) excludes character evidence of a crime, wrong or other act offered to show Defendant's propensity to act in accordance with the character. Here, the Prosecution seeks to admit evidence of Mr. Hashimi's alleged assaults on Ms. Damte on June 3, 2013, October 7, 2013, and November 8, 2013 to show Mr. Hashimi's propensity for violence.

---

[1] Fed. R. Evid. § 404(b); *United States v. Lentz*, 282 F. Supp. 2d 399, 429 (E.D. Va. 2002) ("evidence of prior abuse…can only be admitted under Rule 404(b)").

3. Evidence of Mr. Hashimi's prior alleged assaults on Ms. Damte is not intrinsic to the pending kidnapping and interstate domestic violence charges.[2] The Prosecution concedes that these prior acts are not part of the same charged offense.[3] These prior acts are not inextricably intertwined and are not necessary to complete the story of the charged crimes. In *United States v. Lentz,* evidence of defendant's prior abuse against the victim was largely inadmissible where he was charged with kidnapping and interstate domestic violence.[4] Similarly, the Court should exclude evidence of these prior alleged assaults in this case. The pending charges before the Court stand alone without any of these prior alleged incidents.[5] The Eastern District of Virginia has expressly declined to allow evidence that merely sets the stage for the charged offense.[6] "[A]llowing general exception for 'background circumstances' would allow exception that swallows the rule."[7]

4. Prior alleged assaults on Ms. Damte are not necessary to show that Ms. Damte was Mr. Hashimi's intimate or dating partner. The Prosecution has other evidence supporting the relationship more probative and less inflammatory than these incidents.

5. The Prosecution fails to show how evidence of Mr. Hashimi's prior alleged assault investigations shows motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident so has to be meet the Rule 404(b)(2) admissibility requirements. Conclusory assertions are not sufficient to establish admissibility. Further, character evidence of Mr. Hashimi's prior acts is not admissible under

---

[2] *See United States v. Lentz*, 282 F. Supp. 2d 399, 429 (E.D. Va. 2002) ("evidence of prior abuse is extrinsic to the charged offenses" of kidnapping and interstate domestic violence).
[3] United States' Opposition to Defendant's Motion in Limine, D.E. 49, at 8 ("the alleged conduct is not part of a 'single criminal episode'").
[4] *United States v. Lentz*, 282 F. Supp. 2d 399, 429-35 (E.D. Va. 2002).
[5] *See United States v. Lentz*, 282 F. Supp. 2d 399, 429 (E.D. Va. 2002).
[6] *United States v. Lentz*, 282 F. Supp. 2d 399, 430 (E.D. Va. 2002).
[7] *United States v. Lentz*, 282 F. Supp. 2d 399, 430 (E.D. Va. 2002) (citation omitted).

Rule 404(b)(2) to show Ms. Damte's state of mind.[8]

6. Evidence of the prior alleged assaults fails the Queen test because it is not relevant to any element of the pending charges, it is not necessary to prove an essential claim or element, and its probative value is substantially outweighed by danger of confusion and unfair prejudice.[9] Thus, the evidence is inadmissible under Rules 404(b) and 403. The alleged incidents are not related to the present charges. Despite the Prosecution's contention, the current charges pending against Mr. Hashimi do not have elements requiring proof of ongoing physical abuse.[10]

7. Any probative value of such evidence toward Defendant's intent or motive is substantially outweighed by unfair prejudice against Defendant and the danger of confusing the jury. Admitting such evidence is tantamount to impermissible character assassination. The evidence represents one-sided accounts of disputes that paint the Defendant in a very poor light and have little to no relevance to the charged offenses. Evidence of domestic abuse is inherently highly charged and risks unduly exciting the jury.[11] There is a strong likelihood that the jury may be swayed by impermissible considerations such as the Defendant's overall negative disposition through acts that have only the most tenuous relation to the charged offense. The evidence is cumulative because the Prosecution has other evidence supporting Defendant's motive and intent more probative and less inflammatory than these incidents.

---

[8] *See* United States' Opposition to Defendant's Motion in Limine, D.E. 49, at 10.
[9] *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).
[10] *See* United States' Opposition to Defendant's Motion in Limine, D.E. 49, at 10.
[11] *United States v. Lentz*, 282 F. Supp. 2d 399, 432 (E.D. Va. 2002).

WHEREFORE, Defendant, Ahmad Sayed Hashimi prays that this Honorable Court preclude the prosecution from introducing evidence of any investigation into Mr. Hashimi's involvement in other unrelated and uncharged assaults and their investigations or referring to them directly or indirectly during the trial of this matter.

Respectfully submitted,

BRUCE A. JOHNSON JR., LLC

_____/s/_____
Bruce A. Johnson, Jr., Esquire (#36910)
4301 Northview Drive
Bowie, Maryland 20716
(301) 860-1505

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to United States' Opposition to Defendant's Motion in Limine was efiled this 15th day of September, 2016 to the United States Attorney's Office.

Sean Welsh, Esquire
Office of the US Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

_____/s/_____
Bruce A. Johnson, Jr.