## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| **UNITED STATES** | ) Honorable Judge Liam O'Grady ) ) |
| v. | ) Case No: 1:16-cr-135 ) ) |
| **AHMAD SAYED HASHIMI** | ) ) |
| Defendant. | ) Sentencing: December 16, 2016 |

### DEFENDANT AHMAD SAYED HASHIMI'S RESPONSE TO POSITION OF THE UNITED STATES ON SENTENCING

COMES NOW Defendant, Ahmad Sayed Hashimi, by and through his attorney, Bruce A. Johnson, Jr., and files this Response to the Position of the United States on Sentencing.

1. The United States concedes that at least thirteen (13) co-conspirators were prosecuted in the Eastern District of Virginia. Many were given light sentences and in some cases, not even prosecuted. *See Pre-Sentence Investigation Report ("PSI")*, ¶ 6; *Position of the United States*, at 3. None of Mr. Hashimi's Co-conspirators were sentenced to an active period of incarceration of more than forty-eight (48) months. *See PSI*, ¶¶ 6 – 16.

2. Mr. Hashimi denies he was the leader of the conspiracy or that he recruited others to the conspiracy. *See PSI*, ¶¶ 26 & 48. In fact, the evidence suggest that Hilina Dante ran the oxycodone conspiracy and recruited others to assist her. Mr. Hashimi contends that the UCC and Co-Conspirators lied and/or exaggerated his involvement in order to receive lighter sentences. Mr. Hashimi further denies that he organized criminal activity involving five (5) or more participants with respect to the

kidnapping and interstate domestic violence charges. Moreover, Mr. Hashimi was not involved with any persons who possessed dangerous weapons. The government has not established that Mr. Hashimi could reasonably foresee the use of a dangerous weapon so as to warrant an upward adjustment. *See Position on Sentencing,* at 6. If the Court were to agree, Mr. Hashimi would receive six (6) less points.

3. While the United States acknowledges that the kidnapping and domestic violence charges are "two distinct types of conduct," it wholly fails to credit Mr. Hashimi with an adjustment for partial acceptance of responsibility as to Counts Three and Four. *See Position of the United States,* at 9. Further, the United States fails to consider Mr. Hashimi's numerous health complications as laid out in his Position with Respect to Pre-Sentence Investigation and Memorandum in Aid of Sentencing.

4. Mr. Hashimi's current offense level as calculated by U.S. Probation is forty-three (43). Counsel is requesting that Mr. Hashimi's offense level be reduced to thirty-five (35). Thus, due to the comparatively low sentences of co-conspirators, partial acceptance of responsibility, and poor health, Mr. Hashimi should be sentenced to no greater than twenty-one (21) years of imprisonment. Such sentence is sufficient to meet 18 U.S.C. § 3553(a)'s goals of reflecting the seriousness Mr. Hashimi's conduct, establishing respect for the law, deterring future criminal conduct, and protecting the community.

WHEREFORE, Defendant, Ahmad Sayed Hashimi, respectfully requests the Court impose a sentence of no greater than twenty-one (21) years.

Respectfully submitted,

BRUCE A. JOHNSON JR., LLC


_____/s/_____
Bruce A. Johnson, Jr., Esquire
Virginia Bar No. 36910
4301 Northview Drive
Bowie, Maryland 20716
(301) 860-1505
*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Position of the United States on Sentencing was electronically served on this \_\_ day of December 2016, to:

Whitney Dougherty Burell, Esquire
Sean Welsh, Esquire
Office of the US Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

Terrell C. Sewell, Jr.
United States Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, VA 20109


_____/s/_____
Bruce A. Johnson, Jr., Esq.