**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-135 |
| v. | |
| AHMAD SAYED HASHIMI, | |
| *Defendant*. | |

**THE UNITED STATES' RESPONSE
TO THE DEFENDANT'S MOTION FOR AN EXTENSION OF TIME**

The United States opposes the defendant's request for a 90-day extension of time to file a motion pursuant to 28 U.S.C. § 2255. The defendant effectively asks the Court for equitable tolling of the limitations period. Although the Fourth Circuit has held that § 2255's limitations period is subject to equitable tolling (*United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000)), it is inappropriate here because the defendant cannot show that extraordinary circumstances will prevent timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The limitations period will run on September 30, 2020—more than three months from now—and in the meantime the defendant has sufficient access to legal materials to prepare his motion.

After the defendant was convicted at trial of conspiracy to distribute oxycodone and cocaine, kidnapping, and interstate domestic violence (ECF Nos. 73, 80), this Court sentenced him to 300 months imprisonment, five years of supervised release, and a $400 special assessment.[1] ECF Nos. 92, 94.

---

[1] Specifically, the defendant was sentenced to 240 months on each of the two drug conspiracy charges, 300 months on the kidnapping charge, and 120 months on the interstate domestic violence charge, all to run concurrently.

The defendant appealed to the Fourth Circuit, which affirmed the defendant's conviction. *See* 718 Fed. Appx. 178 (4th Cir. 2018). The defendant petitioned for rehearing en banc, which was denied. ECF No. 119. He subsequently filed a petition for certiorari to the Supreme Court, which granted the petition and remanded the case to the Fourth Circuit for further consideration in light of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). The Fourth Circuit once again reaffirmed the defendant's conviction. *See* 768 Fed. Appx. 159 (4th Cir. 2019). The defendant once again petitioned for rehearing en banc, which was once again denied by the Fourth Circuit on July 2, 2019. ECF No. 124. He did not appeal the Fourth Circuit's decision to the Supreme Court, and the deadline for filing a petition for a writ of certiorari was October 1, 2019. *See* Supreme Court Rule 13(1) (must be filed "within 90 days after entry of the judgment").

The limitations period for filing a § 2255 motion begins on the later of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, the question for purposes of the limitations period is the date on which the defendant's conviction became final. "[F]or federal criminal defendants who do not file a petition for certiorari with" the Supreme Court, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Thus, the limitations period began on October 1, 2019 and will expire on September 30, 2020. As of the date of this filing, the defendant has more than three months to prepare his motion.

2

The defendant contends that equitable tolling is appropriate because he lacks access to his facility's law library as a result of restrictions related to COVID-19. On June 11, 2020, the undersigned attorney communicated with Miranda Yeager, the Supervisor of Education at FCI Gilmer, where the defendant is incarcerated. Ms. Yeager explained that all prisoners have access to the Electronic Law Library during their seven hours of out-of-cell time per week. Beginning the week of June 15, all prisoners will have 12.5 hours of out-of-cell time per week, meaning that the defendant will have more than 180 hours to research and prepare his § 2255 motion between now and the due date. As a result, the United States respectfully submits that equitable tolling is not appropriate at this juncture.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  /s/
Philip Alito
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:   703-299-3700
Fax:             703-299-3890
Philip.Alito@usdoj.gov

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will mail a copy of the foregoing to the defendant at:

Ahmad Hashimi  
FCI Gilmer  
PO Box 6000  
Glenville, WV 26351

                                                               /s/  
                                                          Philip Alito  
                                                          Assistant United States Attorney