IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No:  1:16-cr-135 (RDA) |
| | ) | |
| AHMAD SAYED HASHIMI, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S POSITION REGARDING HIS 28 U.S.C. §§ 2255 MOTION</u>**

Defendant Admed Sayed Hashimi, (Hashimi) by and through undersigned counsel, respectfully submits His Position Regarding his Motion to Vacate Conviction Under 28 U.S.C. § 2255. Additionally, Hashimi wishes to inform the Court that with the Court's permission, he intends to call live testimony at the evidentiary hearing on June 11, 2025.

<u>Procedural History</u>

On April 12, 2016, Hashimi had his initial appearance in front of Magistrate Judge Anderson with counsel John Zwerling. Hashimi is held detained. On April 15, 2016, Hashimi has his Preliminary Hearing, again in front of Magistrate Judge Anderson with Counsel Zwerling. The Court finds probable cause, and Hashimi's detention continues. At this hearing, Zwerling announces he will no longer be able to continue as counsel, and Bruce Johnson is appointed to represent Hashimi.

On June 23, 2016, Hashimi writes his first letter to the court requesting new counsel, stating that Johnson has only spent fifty (50) minutes with him since April 15, 2016, that Johnson is strongly pressuring him into a plea, and that pressure led to a verbal altercation. (ECF 34)[1] Hashimi's arraignment is June 14, 2016, in front of District Judge Liam O'Grady. At the end of

---

[1] Hashimi files a second almost identical letter ECF 35 on the same day.

this hearing, Hashimi makes an oral motion for new counsel, stating Johnson has spent less than an hour with him, mostly pressuring him to enter a plea. Johnson responds, acknowledging he has had only three meetings and two conversations with Hashimi,  (Arr. 9/24/2016, line 21 and 22 page 6), in the six weeks of representation (*Id*. at line 21 page 7), and stated Hashimi had reluctance in accepting a plea. *Id.* at line 9 page 7).

On September 22, 2016, a Motion Hearing took place, calling for a Status Conference the next day. On September 23, 2016, Johnson appeared by phone, while Hashimi appeared in person. At the end of the hearing, Hashimi once again addressed the Court, requesting new counsel. Hashimi states that he has requested to review the discovery, but Johnson refuses to provide a copy. He also states that he hasn't had enough time with Johnson to prepare for the trial. (Mot. 9/23/2016 page 6). The Government informs the Court that extensive discovery was provided to Johnson beginning in July 2016. The Court pointedly inquires if Johnson plans to spend time with Hashimi over the weekend before the trial, to which Johnson responds that he does. (Id. at page 7) Furthermore, it was discussed that multiple plea offers were made to and rejected by the Defendant. Notably, the last plea offer was for one count of kidnapping, and there was significant back and forth with Hashimi wanting extensive edits to the statement of facts supporting the single count of kidnapping. Ultimately, Hashimi rejected that offer. He also complained that he did not trust Johnson. The Court rejected Hashimi's request. (Id. pages 9-14).

The following Monday, September 26, 2016, is the first day of trial.  Hashimi informs the Court that Johnson called him once for three minutes over the weekend.  Hashimi's first opportunity to review the discovery, which he refers to as a textbook, is at trial, which he is expected to read during the testimony.  Hashimi complains,

> I haven't looked at nothing to prepare for the case, who is making the allegations against me. I have no chance to discuss it. I still don't know what's going on. And that's my

>constitutional right to a fair trial. And I still don't know what's going on, who the witnesses are to prepare, nevertheless to speak to Mr. Johnson about it.

(Tr. 9/26/2016 page 11-12).

The Court acknowledges Hashimi and moves forward with the trial, telling Hashimi he can consult with Johnson, write notes, request questions for Johnson to ask witnesses, all while attempting to read the discovery and listen to the witness testimony.

Also discussed before calling the jury was Johnson's last-minute request for a plea offer. The Government indicated Hashimi could plea to the indictment as charged. Hashimi refused.

During the trial, Hashimi and Johnson engaged in written communication. During the kidnapping complaining witness's testimony, there are notes between Hashimi and Johnson which show the back and forth regarding Johnson's wish for Hashimi to take a guilty plea to the kidnapping and Hashimi's refusal to do so, requesting Johnson to prove the complaining witness is lying through other witnesses.

During closing, in front of the jury, and without consultation with Hashimi, Johnson concedes guilt regarding the assault charges against Hashimi's ex-girlfriend. A strategy not employed to this point.

>The last few days I've done very little, if no questioning relating to the kidnap and domestic violence. Shame on Mr. Hashimi, shame on him. I am sure he was humiliated that Hilina was cheating on him behind his back, I am sure, but that doesn't excuse what he did. And if he were allowed to, he would accept responsibility for that right in front of you.

(Tr. page 620).

The jury finds Hashimi guilty of all charges and Hashimi is sentenced to 300 months' imprisonment. Hashimi files a direct appeal claiming ineffective assistance of counsel under the Sixth Amendment by conceding guilt without Hashimi's consent. That appeal is denied. *See*

*United States v. Hashimi*, 718 F. App'x 178 (4th Cir. 2018). Shortly thereafter, the United States Supreme Court decides *McCoy v. Louisiana*, and Hashimi's appeal is reconsidered. 584 U.S. 414, 422-24 (2018). Although his appeal is again denied, the Court of Appeal's invites Hashimi to file a 28 U.S.C § Motion whereby additional items could be added to the record to answer whether Johnson consulted with Hashimi before conceding guilt. *See United States v. Hashimi*, 768 F. App'x 159 (4th Cir. 2019).

Hashimi files his Motion to Vacate Conviction Under 28 U.S.C. § 2255, arguing the same principal argument but adding two pieces of evidence – a sworn declaration by Hashimi and the handwritten notes from the trial between Hashimi and Johnson. The District Court denied the motion without a hearing, finding no evidence of an actual objection from Hashimi. Hashimi appealed that denial, and the Court of Appeals granted a certificate of appealability on the McCoy issue, vacated the judgment of the District Court, and remanded the case for an evidentiary hearing. On March 21, 2025, the Court appointed the undersigned to represent Hashimi, and the Court ordered the undersigned to file the Defendant's Position as to his Motion by May 16, 2025.

Argument

### I.     Incorporation

Hashimi requests to incorporate all motions previously filed. Hashimi further requests to incorporate the complete record of Criminal Case No. 1:16-cr-135-LO-1, *United States v. Hashimi*, (E.D. Va., Dec. 16, 2016), and Hashimi's record on direct appeal in the United States Court of Appeals for the Fourth Circuit (*United States v. Hashimi*, 718 Fed. Appx. 178 (4th Cir. (2018)), [Record No. 16-4846] and (*United States v. Hashimi*, 110 F.4th 621, 2024 U.S. App. LEXIS 19330 (4th Cir. 2024))[Rec. No. 22-7190], and record on appeal to the Supreme Court of the United States (*Hashimi v. United States*, 139 S. Ct. 377 (2018)).

### II.    Legal Standard

A criminal defendant is guaranteed the assistance of counsel for his defense by the Sixth Amendment of the United States Constitution; however, this guarantee does not "surrender control entirely to counsel." *McCoy v. Louisiana*, 584 U.S. 414, 414, 138 S. Ct. 1500, 1503, 200 L. Ed. 2d 821, 821, 2018 U.S. LEXIS 2802, *1, 86 U.S.L.W. 4271, 27 Fla. L. Weekly Fed. S 244, 2018 WL 2186174 (2018). A defendant retains autonomy to decide whether to admit guilt or to maintain his innocence even in the face of overwhelming evidence to the contrary. *Id*. "Just as a defendant may steadfastly refuse to plead guilty in the face of overwhelming evidence against her, or reject the assistance of legal counsel despite the defendant's inexperience and lack of professional qualifications, so may she insist on maintaining her innocence." *Id*.

If an attorney overrides a defendant's autonomy in this respect, the violation is not one of ineffective assistance of counsel, but rather a structural error. This type of error does not require a showing of prejudice because it strips the defendant of "right to make [] fundamental choices about his own defense" and the impacts on a trial are "immeasurable." *Id.* at 427-28. Such an error demands a new trial.

However, a defendant must be an active participant in the development of a legal strategy and may not refuse to engage with counsel only to complain later of a failed strategy. "Counsel, in any case, must still develop a trial strategy and discuss it with her client". *Id.* at 423-424. If a defendant is provided the opportunity to discuss trial strategy and stands silent, and is "generally unresponsive" counsel may proceed with their chosen approach without violating their client's Constitutional rights, as the client never objected to the approach when given the opportunity. Put plainly, the attorney does not negate the defendant's autonomy when the defendant stands silent when asked. *Florida v. Nixon*, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565, 2004 U.S. LEXIS 8270 (2004).

> **III. When an attorney fails to consult with a defendant prior to conceding guilt, that attorney negates the defendant's autonomy in the same manner as actively proceeding over the defendant's objection.**

"If it is structural error for an attorney to concede guilt over the defendant's objection, it must also be structural error to deny the defendant a reasonable opportunity to make that objection. Any other approach would undermine the central premise of *McCoy*: that "[a]utonomy to decide that the objective of the defense is to assert innocence" is "reserved for the client."" *Phillips v. State*, 2025 Alas. App. LEXIS 47, *18, 2025 LX 98199. (not currently published)

Similarly, in *United States v. Arrington*, the District Court for Maryland ordered a new trial when a defendant's testimony that he was never consulted prior to his attorney conceding guilt was uncontroverted by his attorney's testimony that he couldn't remember a distinct conversation, but that it "I'm sure we did". 2025 U.S. Dist LEXIS 46418, *19. (Memorandum Opinion).

The duty is on the attorney, not on the untrained defendant. The attorney must engage with the defendant and discuss legal strategy prior to deploying said strategy. *"McCoy* is not satisfied if a defendant fails to object because he was never given the *opportunity* to object. Were it otherwise, this loophole would swallow the *McCoy* rule, transferring the concession decision from client to lawyer so long as the lawyer never asks the client's permission." *United States v. Hashimi*, 110 F.4th 621, 630, 2024 U.S. App. LEXIS 19330 (4th Cir. 2024).

During closing, and without consultation with Hashimi, Johnson employs a strategy that is not unfamiliar to seasoned attorneys. He concedes guilt on some charges. His underlying strategy may be unclear. Perhaps Hashimi admits when he's guilty, and by conceding some counts and not others, the argument is that you know he's not guilty of the drug charges because he's challenging those. Perhaps Johnson thought guilt was a forgone conclusion for the violence charges and simply wanted to move on to the drug charges. Perhaps Johnson simply wanted to gain some compassion

from the jury. Regardless of the reasoning, by conceding guilt without consulting Hashimi, Johnson stripped Hashimi of the ability to be the master of his own defense.

At every turn, Hashimi requested new counsel. Hashimi demanded copies of the discovery. Hashimi wanted more time with Johnson. Hashimi wanted to know the list of witnesses. Hashimi wanted to be, and had every right to be, an active participant in his defense. Hashimi wrote notes to Johnson throughout the trial. Hashimi refused to acknowledge guilt by accepting plea offers from the government, despite Johnson's pressure.

Here, despite usual practice, the Government extended multiple plea offers, even on the day of trial. Hashimi rejected them all. Even with Johnson's adamant belief that there was overwhelming evidence of guilt against Hashimi. However, a defendant is the captain of his ship and can steer it into clear waters or upon the rocks. "[A] defendant might reject a plea and prefer 'taking a chance at trial' despite "[a]lmost certai[n]" conviction [that] is the client's right. *McCoy*, 584 U.S. 423.

Interestingly, when Hashimi considered a plea to a kidnapping count, he was adamant about the language used in the factual basis for the plea. This fact lends credence to Hashimi's argument that he never intended to concede guilt to that count. Additionally, any argument suggesting that a defendant entertained thoughts of a plea does not invalidate a defendant's constitutional claims when his counsel admits guilt in front of a jury.

Johnson did not have to discuss all trial strategy with Hashimi. Johnson did not have to take Hashimi's demands to call witnesses or ask certain questions, depending on Johnson's trial strategy. However, Johnson had to discuss with Hashimi whether he would concede guilt before doing so. And Johnson was required to accept Hashimi's decision regarding conceding guilt. It would be unthinkable for a defense attorney to force a defendant to take the stand against his will. It would be unthinkable for a defense attorney to forge a defendant's signature on a plea form or

force a defendant into taking a plea against his will. It should be unthinkable to concede guilt of a defendant to a jury without express consent.

## CONCLUSION

For the reasons stated above, and stated in previously filed motions, it is respectfully requested that Mr. Hashimi's convictions be vacated and a new trial be ordered.

AHMAD SAYED HASHIMI
By Counsel

**SANDGROUND, WEST, SILEK,
RAMINPOUR & WRIGHT, PLC**

_____
Ashleigh D. Landers, Esq. (VSB #80597)
E: ashleigh@swsrlaw.com
8229 Boone Blvd., Suite 610
Vienna, Virginia 22182
T: (703) 564-4600
F: (703) 564-5040
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of May 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that I sent a courtesy copy to Philip Alito via email, and will hand deliver a courtesy copy to chambers within one business day of May 16, 2025.

_____
Ashleigh D. Landers, Esq.